# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY G. WESTFALL, | ) |
|       Plaintiff, | ) |
| v. | )   Case No. CIV-15-20-SPS |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration, | ) |
|       Defendant. | ) |

## OPINION AND ORDER

The claimant Terry G. Westfall requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born June 6, 1961, and was fifty-one years old at the time of the administrative hearing (Tr. 28). He completed twelfth grade and has worked as a truck driver (Tr. 60, 176). The claimant alleges that he has been unable to work since December 31, 2008, due to COPD, three heart attacks, uncontrollable blood pressure, and fat in his liver and blood (Tr. 175).

## Procedural History

On April 15, 2011, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ John Antonowicz conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 25, 2012 (Tr. 11-19). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) (Tr. 15). The ALJ then concluded that although the claimant could not return to his past relevant work, he

was nevertheless not disabled as directed by Medical-Vocational Rule 202.21, a.k.a. "the Grids" (Tr. 19).

## Review

The claimant contends that the ALJ erred by: (i) using the Grids to find him not disabled, and (ii) failing to account for his severe impairment of obesity. As to the first contention, the claimant further argues that the ALJ failed to properly account for a consultative opinion that found he had a number of nonexertional limitations. The Court agrees with both contentions, and the decision of the Commissioner should be reversed.

The ALJ determined that the claimant had the severe impairments of degenerative disc disease of the lower lumbar spine with a compression deformity at T-11, diabetes mellitus obesity, history of ischemic heart disease, and chronic obstructive pulmonary disease, as well as the nonsevere impairments of bilateral knee pain and organic mental disorder (Tr. 13). The relevant medical evidence reveals that the claimant was generally treated for diabetes mellitus, hypertension, COPD, nicotine addiction, obesity, and GERD at the Kiamichi Family Medical Center (Tr. 437-438, 452).

On October 17, 2011, Dr. Terry L. Kilgore completed a physical exam of the claimant, on referral from Oklahoma Rehabilitation Commission (Tr. 470). His exam included, *inter alia*, range of motion and pulmonary function testing. He assessed the claimant with COPD, obesity, diabetes mellitus noninsulin dependent, hypertension essential, history of atypical chest pain, hyperlipidemia, dyspnea on exertion (Tr. 472). He noted the claimant's pulmonary function test revealed a mild restrictive defect (Tr. 473). Additionally, the range of motion testing revealed that the claimant had mildly

reduced range of motion of hand/wrist, shoulders, back, and lumbosacral spine (Tr. 475-478).

State reviewing physicians found that the claimant could perform the full range of light work (Tr. 442-443, 530, 536). Neither of the state reviewing physician opinions took note of the documented reduced range of motion in the record, nor did they account for the claimant's COPD or discuss the effect of his obesity.

Following the administrative hearing, the ALJ sent the claimant to consultative examiner Beau Jennings, D.O., for physical exam and a Medical Source Statement (MSS) regarding his ability to do work-related activities. Dr. Jennings ordered x-rays of the lumbar spine, which revealed mild to moderate degenerative changes of the lower lumbar spine, and a compression deformity of the superior endplate T11. He recommended an additional MRI study based on these results (Tr. 601). A left knee x-ray was normal (Tr. 604). In the MSS, Dr. Jennings indicated that the claimant could lift/carry up to twenty pounds continuously, up to fifty pounds frequently, and up to 100 pounds occasionally (Tr. 615). Furthermore, he indicated that the claimant could sit/stand up to four hours at a time without interruption, walk up to two hours at a time without interruption, and perform each eight hours total in an eight-hour workday (Tr. 616). He found the claimant had unlimited use of his hands, but that he could perform postural activities – climb stairs/ramps/ladders/scaffolds, balance, stoop, kneel, crouch, and crawl – only occasionally (Tr. 618). In support, he circled references to the physical exam and the x-ray findings (Tr. 617-618). Finally, he indicated that the claimant could tolerate exposure

only occasionally to extreme cold or heat, frequently to vibrations, and continuously to the other listed environmental limitations (Tr. 619).

In his written opinion, the ALJ summarized the claimant's hearing testimony, and much of the medical evidence. As to Dr. Kilgore's report, the ALJ noted his summarized findings and that the claimant had moderate wheezes and rhonchi but that it was "well above listing level severity" (Tr. 16). He failed to account for the claimant's COPD in formulating the RFC, instead rejecting it because it did not meet a listing level. He further failed to note the documented reduced range of motion findings (Tr. 16-17). The ALJ then noted the claimant's weight and wheezing as documented by Dr. Jennings, and recited the findings of the x-rays (Tr. 17). He then assigned "significant weight" to the opinions of the state reviewing physicians despite their failure to account for the claimant's impairments as described above. He also assigned "substantial weight" to Dr. Jennings's opinion, although he stated that Dr. Jennings "may not have completely considered the full impact of the claimant's hypertension and history of heart disease and chest pain" in finding he could perform at least medium work (Tr. 17-18). The ALJ recited Dr. Jennings's assigned postural limitations, but did not indicate why he rejected them despite assigning substantial weight to this opinion (Tr. 17-18). Notably, the ALJ declined to question the vocational expert at the administrative hearing (other than to account for the claimant's past work), because he planned to send the claimant for the consultative examination (Tr. 60). He indicated he would follow up as necessary with interrogatories, but the record indicates that he did not do so. He then found the claimant not disabled according to the Grids.

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) [quotation marks omitted], *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

Here, the ALJ recited evidence from the opinions of Dr. Kilgore and Dr. Jennings, but failed to conduct a proper assessment of the opinions. As a result, he rejected the range of motion findings of Dr. Kilgore, as well as the postural limitations assigned by Dr. Jennings by failing to discuss them at all. He further failed to mention, much less discuss, the claimant's severe impairment of obesity. What the ALJ should have done instead was provide an explanation as to how impairments found to be severe at step two became so insignificant as to require no corresponding limitations in the RFC at step

four. *See, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *see also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work."). He compounded this error by also concluding without explanation that his assessment was supported by the opinions of the state reviewing physicians. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

Additionally, the ALJ failed to properly assess the combined effect of all the claimant's impairments – both severe and nonsevere – in assessing his RFC, or to consider whether the medical evidence demonstrated any additional or cumulative effects from his obesity. *See, e. g., Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 741-42 (10th Cir. 2007) (noting that "obesity is [a] medically determinable impairment that [the] ALJ must consider in evaluating disability; that [the] combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC."), *citing* Soc. Sec.

Rul. 02-01p, 2002 WL 3486281, at *1, *5-*6, *7; *Baker v. Barnhart*, 84 Fed. Appx. 10, 14 (10th Cir. 2003) (noting that the agency's ruling in Soc. Sec. Rul. 02-01p on obesity applies at all steps of the evaluation sequence). This was important to do and, given the impact that obesity and poorly controlled diabetes can have on the cardiovascular and respiratory systems, as well as the musculoskeletal system, the ALJ erred in failing to consider *all* his impairments together. *See* Soc. Sec. Rul. 02-1p, 2002 WL 346862881, at *5. *See also DeWitt v. Astrue*, 381 Fed. Appx. 782, 785 (10th Cir. 2010) ("The Commissioner argues that the ALJ dequately considered the functional impacts of DeWitt's obesity, given that the ALJ's decision recognizes she is obese and ultimately limits her to sedentary work with certain restrictions. But there is nothing in the decision indicating how or whether her obesity influenced the ALJ in setting those restrictions. Rather it appears that the ALJ's RFC assessment was based on 'assumptions about the severity or functional effects of [DeWitt's] obesity combined with [her] other impairments' – a process forbidden by SSR 02-1p." ), *citing* Soc. Sec. R. 02-1p, 2002 WL 3486281, at *6.

Because the ALJ engaged in improper picking and choosing to discredit evidence that was inconsistent with his RFC determination, the Court cannot find that he performed the proper analysis. Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis in accordance with the appropriate standards. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 28th day of September, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**